IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW E. DAVIS,                )
                                 )
            Petitioner,          )
                                 )
    v.                           )   Case No. 24-3074-JWL
                                 )
KEVIN PAYNE, Commandant,         )
United States Disciplinary Barracks, )
                                 )
            Respondent.          )
                                 )
_____)

## **MEMORANDUM AND ORDER**

Petitioner Matthew Davis, a military prisoner at the United States Disciplinary Barracks in Leavenworth, Kansas, has filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenges his convictions by a court martial. By Order of June 12, 2024, the Court granted respondent an extension of time to respond to the petition, requiring respondent to "file his response to the petition on or before August 5, 2024;" and on August 1, 2024, respondent timely filed his response. Nevertheless, petitioner has now filed a motion for a default judgment (Doc. # 14), based on his argument that respondent did not timely serve that response on him by mail. The Court **denies** the motion.[1]

---

[1] Petitioner previously moved for a default judgment, arguing that respondent had missed the deadline for his response. The Court denied the motion because it had extended that deadline and thus the response was not yet due.

Petitioner appears to argue that because respondent's mailing to him was postmarked on August 5, 2024,[2] it had an effective service date of August 8, making the response untimely. Petitioner has not shown, however, that respondent violated any applicable rule in serving petitioner with a copy of the response. Petitioner relies on D. Kan. Rule 6.1(d), which sets time limits for the "filing" of responses and replies to motions "unless the court orders otherwise." *See id.* The rule explains that those time periods "include the additional three-day period allowed under Fed. R. Civ. P. 6(d) and, therefore, apply regardless of the method of service." *See* D. Kan. Rule 6.1(d). Petitioner seems to believe that that rule requires a brief to be served three days before a deadline in order to meet that deadline. Petitioner has misinterpreted and misapplied that rule, however. Rule 6(d) provides that if a person must act within a specified time after being served and that service is by mail, the deadline is effectively extended three days to allow time for the mail delivery. *See* Fed. R. Civ. P. 6(d). Local Rule 6.1(d) then states that, in applying its time limits, those three days are already accounted for, and thus those deadlines are never extended by three days for service by mail. Contrary to petitioner's argument, Rule 6.1(d) does *not* require a party serving a document by mail to mail the document three days before the deadline to make sure it is timely.

Moreover, Rule 6.1(d) does not apply in this case because respondent was not responding to a motion, and, regardless, the Court did "order[] otherwise" by setting its

---

[2] The copy of the envelope that petitioner filed is not clear enough to read the postmark date, but for purposes of this motion, the Court accepts petitioner's representation that that date is August 5, 2024.

own deadline for the response. The Court ordered respondent to "file" (not serve) his response by August 5, 2024, and respondent did so – and therefore, the response is timely. Fed. R. Civ. P. 5 requires the service of various filings, but it does not set any deadline by which time a filing must be served. Nor has petitioner identified any authority requiring service more promptly. Petitioner concedes that the response was mailed on the due date of August 5, 2024, and that he has received the response. The Court finds that respondent's mailing of the response within two business days after filing (because of the intervening weekend) to have been reasonable, and petitioner has not identified any prejudice that resulted from respondent's failure to mail the response earlier. Therefore, there is no basis to strike the response, and thus there is no basis for a default judgment or for deeming the petition uncontested. Accordingly, the Court denies petitioner's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for a default judgment (Doc. # 14) is hereby **denied**.

IT IS SO ORDERED.

Dated this 15th day of August, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge