IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW E. DAVIS,                      )
                                       )
                 Petitioner,           )
                                       )
         v.                            )        Case No. 24-3074-JWL
                                       )
DOUGLAS CURTIS, Commandant,            )
United States Disciplinary Barracks,   )
                                       )
                 Respondent.           )
                                       )
_____)

## MEMORANDUM AND ORDER

Petitioner Matthew Davis, a military prisoner at the United States Disciplinary Barracks in Leavenworth, Kansas, filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenges his convictions by a court martial.  For the reasons set forth below, the Court **denies** the petition.

## I.      Background and Standard of Review

In 2020, a military judge sitting as a general court martial convicted petitioner, pursuant to his plea, of various offenses stemming from his alleged sexual abuse of a child. The United States Army Court of Criminal Appeals (ACCA) affirmed the convictions, and the Court of Appeals for the Armed Forces (CAAF) denied review of that decision.  *See United States v. Davis*, 2022 WL 135317 (Army Ct. Crim. App. Jan. 14, 2022), *rev. denied*, 83 M.J. 26 (Ct. App. Armed Forces 2022).  In May 2024, petitioner initiated the present action, in which he asserts the following six grounds for relief:  (1) the military court lacked

jurisdiction to convict him because his term of service had ended; (2) petitioner received ineffective assistance of counsel; (3) petitioner's motion to suppress was improperly denied; (4) petitioner's charges were improperly withdrawn and re-referred, resulting in a violation of petitioner rights; (5) the record of his proceedings was not substantially verbatim as required; and (6) the military judge was biased against petitioner. Respondent has filed a brief in answer to the petition, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.[1]

The parties agree on the applicable standards of review for petitioner's claims. The Court reviews petitioner's jurisdictional claim *de novo*. *See Fricke v. Secretary of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007) (fair-consideration standard does not apply to jurisdictional claims; review of such claims by a habeas court is independent of the military courts' consideration).

With respect to petitioner's non-jurisdictional claims, the Court must first determine whether it may reach their merits. In 2023, the Tenth Circuit clarified and reaffirmed the standard for a district court's consideration of a habeas petition filed by a military prisoner convicted by court martial. *See Santucci v. Commandant*, 66 F.4th 844, 852-71 (10th Cir.), *cert. denied*, 144 S. Ct. 191 (2023). Other than questions of jurisdiction, a district court may consider the merits upon habeas review only if "the military justice system has failed to give full and fair consideration to the petitioner's claims." *See id.* at 855 (citing *Burns v. Wilson*, 346 U.S. 137, 142 (1953)). A court determines whether such full and fair

---

[1] The Court previously denied two motions by petitioner for default judgment.

consideration has been given by examining the following four factors (referred to as the *Dodson* factors):

> 1. The asserted error must be of substantial constitutional dimension. 2. The issue must be one of law rather than of disputed fact already determined by the military tribunals. 3. Military consideration may warrant different treatment of constitutional claims. 4. The military courts must give adequate consideration to the issues involved and apply proper legal standards.

*See id.* at 856 (quoting *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990)). Military petitioners must establish that all four factors weigh in their favor in order to have the merits of their claims reviewed. *See id.* "Putting the matter differently, petitioners' failure to show that even one factor weighs in their favor is fatal to their efforts to secure full merits review." *See id.* at 858.

In addition, a military habeas petitioner is required to have exhausted any claims by raising them in the military courts. A failure to exhaust results in a waiver of the claim, unless cause and prejudice are shown. See *Roberts v. Callahan*, 321 F.3d 994, 995 (10th Cir. 2003).

## II.   <u>Jurisdiction</u>

For his first claim, petitioner argues that the military courts lacked jurisdiction over him at the time of his convictions. After petitioner was charged, the period of his original service obligation expired, and the Army then extended his service obligation three times. He concedes that the Army retained jurisdiction over him during the periods covered by those extensions. He argues, however, that the Army lost jurisdiction over him after the third extension ended shortly before his convictions and the Army did not execute a fourth

extension. Petitioner relies on the following language from Rule 202(c)(1) from the military's Manual for Courts-Martial: "[A] service member is subject to court-martial jurisdiction until lawfully discharged or, when the service member's term of service has expired, the Government fails to act within a reasonable time on objection by the service member to continued retention." *See* Rules for Courts-Martial 202(c)(1). Petitioner asserts that he objected by raising the issue of the expiration of his service obligation and that the Government did not respond appropriately to that objection. Petitioner concedes that a superior officer then executed a memorandum ordering that petitioner's active service be extended pending the outcome of the court martial; but he argues essentially that that order did not take effect because the proper form, by which his previous extensions had been effected, was never executed.

Petitioner has not shown that the military lacked jurisdiction over him at the time of his convictions, and the Court therefore denies this claim. The applicable provisions demonstrate that jurisdiction over petitioner attached and continued through his court martial. 10 U.S.C. § 802(a)(1) provides for jurisdiction over members of the armed forces "including those awaiting discharge after expiration of their terms of enlistment." *See id.* 10 U.S.C. § 1168(a) provides that a member "may not be discharged or released from active duty until his discharge certificate or certificate of release from active duty, respectively, and his final pay or a substantial part of that pay, are ready for delivery to him." *See id.* In the present case, petitioner may have been awaiting discharge after expiration of his term of service, but Section 802 explicitly provides for jurisdiction over such a person.

Moreover, petitioner has not shown that he was discharged, nor has he argued that a discharge certificate was prepared for him.

Petitioner relies on Rule 202(c), but the entirety of that rule makes clear that once jurisdiction attached to him with the initiation of court-martial proceedings, it continued throughout that process. The rule states that a person becomes subject to court-martial jurisdiction at enlistment or induction into the military, and that generally three criteria are considered to determine when jurisdiction terminates (the delivery of a discharge certificate, a final accounting of pay, completion of any clearing process). *See* Rules for Courts-Martial 202(a)(2). The rule notes, however, that there are several exceptions and qualifications to those general guidelines. *See id.* One such qualification is as follows:

> (B) *Termination of jurisdiction over active duty personnel.* As indicated in this rule, the delivery of a valid discharge certificate or its equivalent ordinarily serves to terminate court-martial jurisdiction.
>
> (i) *Effect of completion of term of service.* Completion of an enlistment or term of service does not by itself terminate court-martial jurisdiction. An original term of enlistment may be adjusted for a variety of reasons, such as making up time lost for unauthorized absence. Even after such adjustments are considered, court-martial jurisdiction normally continues past the time of scheduled separation until a discharge certificate or its equivalent is delivered and certain other criteria are satisfied or until the Government fails to act within a reasonable time after the person objects to continued retention. As indicated in subsection (c) of this rule, service members may be retained past their scheduled time of separation, over protest, by action with a view to trial while they are still subject to the UCMJ. Thus, if action with a view to trial is initiated before discharge or the effective terminal date of self-executing orders, a person may be retained beyond the date that the period of service would otherwise have expired or the terminal date of such orders.

*See id.* Rule 202(c) then provides as follows:

5

Court-martial jurisdiction attaches over a person when action with a view to trial of that person is taken. Once court-martial jurisdiction over a person attaches, such jurisdiction shall continue for all purposes of trial, sentence, and punishment, notwithstanding the expiration of that person's term of service or other period in which that person was subject to the UCMJ or trial by court-martial. When jurisdiction attaches over a Servicemember on active duty, the Servicemember may be held on active duty over objection pending disposition of any offense for which held and shall remain subject to the UCMJ during the entire period.

Court-martial jurisdiction exists to try a person as long as that person occupies a status as a person subject to the UCMJ. Thus, a service member is subject to court-martial jurisdiction until lawfully discharged or, when the service member's term of service has expired, the Government fails to act within a reasonable time on objection by the service member to continued retention. …

Court-martial jurisdiction attaches over a person upon action with a view to trial. Once court-martial jurisdiction attaches, it continues throughout the trial and appellate process, and for purposes of punishment.

If jurisdiction has attached before the effective terminal date of self-executing orders, the person may be held for trial by court-martial beyond the effective terminal date.

*See id.* R. 202(c)(1).  Finally, the rule states that actions by which court-martial jurisdiction attaches include arrest, confinement, and the preferral of charges.  *See id.* R. 202(c)(2).

It is true that Rule 202 includes the language on which petitioner relies, regarding the Government's failure to act within a reasonable time to extend a term of service.  By language both before and after that provision, however, the rule also explicitly states that once jurisdiction attaches (by arrest or charging, for example), it continues throughout the court-martial proceedings.  In this case, the Government took action "with a view to trial" when it charged petitioner, and as petitioner was still on active duty then, jurisdiction attached at that time, and it continued throughout his court martial.  While petitioner may

have objected after the expiration of the third extension, the Government had already "acted within a reasonable time" by initiating court-martial proceedings.  Moreover, the Government further acted within a reasonable time when petitioner's superior ordered that petitioner remain on active duty through the pendency of the court martial.  Petitioner has not provided any authority to suggest that that order somehow was not effective for purposes of Rule 202 because a particular form was not also used.

In summary, petitioner has not shown that he was in fact discharged from active duty before his court martial, and in the absence of such discharge, by rule and by statute, jurisdiction continues throughout court-martial proceedings.  Thus, petitioner has failed to show that the military court lacked jurisdiction over him at the time of his convictions, and the Court therefore denies this claim.

### III.  <u>Non-Jurisdictional Claims</u>

#### A.  <u>*Ineffective Assistance of Counsel*</u>

In his second claim, petitioner contends that his counsel's performance was constitutionally defective because counsel failed to advise him that by pleading guilty he would be waiving his right to appeal rulings on his motion to suppress and his motion to dismiss and because counsel failed to preserve that right to appeal.  The Court does not reach the merits of this claim, however, because petitioner cannot satisfy all four factors of the *Dodson* test.

Petitioner cannot satisfy the fourth *Dodson* factor because the ACCA did directly address and reject this claim of ineffective assistance of counsel.  *See Davis*, 2022 WL

135317, at *1-3.  Thus, the military courts gave adequate consideration to this claim. Petitioner argues that the ACCA did not consider his claim as it related to the ability to appeal the denial of his motion to dismiss.  Although the ACCA focused its analysis on the waiver of the right to appeal the denial of the motion to suppress, the court concluded that there was a lack of prejudice under the governing *Strickland* standard even assuming that counsel failed to advise petitioner of the impact of the plea on appeals from rulings regarding his suppression motion "or any other pretrial motions he filed."  *See id.* at *3. Thus, the ACCA did address and reject the full scope of petitioner's ineffective-assistance claim.  Petitioner also argues that the ACCA misapplied the *Strickland* standard.  The ACCA identified *Strickland* as the correct standard for an ineffective-assistance claim, however, *see id.* at *1-3, and thus petitioner cannot satisfy the fourth *Dodson* factor.  *See Drinkert v. Payne*, 90 F.4th 1043, 1048-49 (10th Cir. 2024) (with respect to the fourth *Dodson* factor, clarifying that it is not enough for a petitioner merely to argue that the military courts failed to apply the proper standard correctly; rather, the petitioner must show that the military courts did not identify and apply the standard that governs the inquiry).

Petitioner also fails to satisfy the second *Dodson* factor because the claim necessarily involves issues of fact.  *See Gray v. Payne*, 2023 WL 3204004, at *2 (D. Kan. May 2, 2023) (Lungstrum, J.) (ineffective-assistance claim did not present a question of law for purposes of the second *Dodson* factor), *aff'd*, 2023 WL 8433977 (10th Cir. Dec. 5, 2023) (unpub. op.) (claim presented mixed question of law and fact under *Strickland*, thus petitioner failed to satisfy second *Dodson* factor), *cert. denied*, 144 S. Ct. 2622 (2024).

Petitioner argues that the claim does not involve a question of fact "already determined" by the ACCA because the ACCA deemed the claim waived and thus declined to review it. In fact, the ACCA did address the merits of this claim. *See Davis*, 2022 WL 135317, at *1-3. Moreover, in ruling that petitioner had failed to show prejudice as required under the second prong of the *Strickland* standard, the ACCA made the factual determination that petitioner would have accepted the plea offer even assuming counsel's failure to advise him properly, based in part on the consideration of factual issues such as the favorability of the plea agreement, the strength of the case against petitioner, and the presence or absence of extenuating or mitigating circumstances that could have led to a lower sentence. *See id.* at *2-3. Thus, because this claim presents a question that is more factual than legal, it does not present an issue of pure law, and petitioner cannot satisfy this factor. *See Drinkert*, 90 F.4th at 1048.[2] The Court therefore denies this claim.

### B. *Motion to Suppress*

In his third claim, petitioner challenges the trial court's denial of his motion to suppress evidence found on his cell phone. Again, however, petitioner cannot satisfy all four requirements of the *Dodson* test with respect to this claim. First, as petitioner conceded in his brief to the ACCA, this claim presents a mixed question of law and fact, as the Court would need to consider the actions and knowledge of the persons who seized the phone, particularly with respect to the application of good-faith exception to the

---

[2] Moreover, although the ACCA declined to rule on *Strickland*'s first prong, to succeed on this claim petitioner would need to prevail on the disputed factual issue of whether his counsel's performance was deficient.

exclusionary rule (on which the trial judge relied). Second, to the extent that petitioner raised the issue to the ACCA in the context of his ineffective-assistance claim (he did not raise the issue as a stand-alone claim), the ACCA considered and rejected the claim in affirming petitioner's convictions. Thus, the Court may not reach the merits of this claim, which is therefore denied.[3]

*C.*     <u>*Re-Referral of Charges*</u>

For his fourth claim, petitioner asserts that the Government improperly withdrew and then re-referred the charges against him, with the result that his speedy trial rights were violated. This issue was the subject of petitioner's motion to dismiss, which the trial judge denied after an evidentiary hearing. Petitioner did not appeal that ruling to the ACCA. Rather, in his brief to the ACCA, petitioner in one sentence merely requested that if the ACCA found counsel to have been ineffective, the court also assess the merits of other pretrial motions filed by petitioner. In his brief to the CAAF seeking review, petitioner expanded on that argument slightly, arguing that the improper referral had cost him his attorney of choice, although he still raised the issue in the context of a claim of ineffective assistance of counsel. Thus, petitioner failed to exhaust this stand-alone claim challenging the denial of the motion to dismiss (and he has not identified any applicable exception or argued that cause and prejudice exists here).

---

[3] Moreover, even if petitioner were to argue that this issue was *not* raised to and considered by the ACCA as a stand-alone claim, then petitioner would be conceding that he failed to exhaust with respect to this claim.

Petitioner argues that the issue was presented to the appellate courts by his raising it in the context of the ineffective-assistance claim. The Court notes, however, that the premise of that claim was that counsel was deficient in failing to advise petitioner that after pleading guilty he could *not* appeal the denial of the motion to dismiss. Thus, by pursuing the ineffective-assistance claim, petitioner was effectively denying the existence of any appeal of the ruling on the motion to dismiss (with the merits of that ruling relevant only to the issue of prejudice).

At any rate, even if the Court were to agree that petitioner did raise the issue on appeal, it still could not reach the merits of this claim, as petitioner could not satisfy the *Dodson* test. As noted, the trial judge required an evidentiary hearing to resolve the issue, and thus the claim does not present an issue of law. Moreover, to the extent the issue was raised to the appellate courts (and therefore not abandoned), it was considered and rejected by those courts in affirming the convictions and denying review. The Court therefore denies this claim for relief.

### D.   *Substantially Verbatim Record*

For his fifth claim, petitioner argues that one digital exhibit containing images taken from his phone – an exhibit that the trial court declined to view after petitioner conceded that the images constituted child pornography – proved to be unreadable, which resulted in a violation of the military rule requiring a substantially verbatim record of the proceedings. Petitioner cannot satisfy the fourth *Dodson* factor as applied to this claim, however, as petitioner raised this same issue in his unsuccessful appeals to the ACCA and the CAAF. *See Livingston v. Payne*, 2024 WL 3328584, at *3-4 (D. Kan. July 8, 2024) (Lungstrum,

J.) (citing cases in ruling that the fourth *Dodson* factor weighs against a petitioner even if the military appellate courts rejected without discussion a claim that was briefed to them). Petitioner argues that the appellate courts must have unreasonably applied federal law in rejecting the claim, but he has not shown how those courts failed to apply the correct standards in denying relief.  Petitioner also suggests that those courts could not have adequately considered the claim without a readable copy of the exhibit, but the courts could have found that the record was substantially complete (the standard, as conceded by petitioner in his appellate briefs) even without viewing the omitted exhibit.[4]  Accordingly, the Court does not reach the merits of this claim, which is therefore denied.

>        E.        *Bias of the Judge*

Finally, for his sixth claim, petitioner contends that the trial judge was biased against him.  Respondent argues that petitioner failed to exhaust this claim because he failed to make such a claim in the military courts until he raised it in his petition for review by the CAAF.  Respondent has not provided any authority to support that argument that raising an issue initially to the CAAF is not sufficient for exhaustion.  The Court need not decide that issue, however, as petitioner cannot satisfy the *Dodson* test, and this Court therefore cannot reach the merits of this claim.  Actual bias or the appearance of bias is judged under an objective standard, *see United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005),

---

[4]  As respondent points out, and as the trial judge noted, military law does not require the admission in a guilty plea case of images that admittedly represent child pornography. *See United States v. Rominger*, 2009 WL 6842667, at *2 (Army Ct. Crim. App. June 8, 2009), *rev. denied*, 68 M.J. 230 (2009).  Petitioner made such an admission in this case prior to the plea.

and thus the claim presents factual issues instead of purely legal ones.  Moreover, the CAAF is presumed to have considered this issue in summarily rejecting the petition for review.  The Court therefore denies this claim, and the petition is denied in its entirety.

### IV.    Motion for Appointment of Counsel

Petitioner has not presented a reasonable argument for a lack of jurisdiction; nor has he shown that he is entitled to a review of the merits of his other claims.  Accordingly, the Court in its discretion denies petitioner's motion for appointment of counsel to pursue the claims here.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus under 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for appointment of counsel (Doc. # 4) is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of September, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge