IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MATTHEW E. DAVIS, )
 )
                Petitioner, )
 )
v. )    Case No. 24-3074-JWL
 )
DOUGLAS CURTIS, Commandant, )
United States Disciplinary Barracks, )
 )
                Respondent. )
 )
_____)

## MEMORANDUM AND ORDER

Matthew Davis, a military prisoner, filed *pro se* a petition for habeas corpus relief under 28 U.S.C. § 2241, by which he challenged his convictions by a court martial. By Memorandum and Order of September 17, 2024, the Court denied the petition. *See Davis v. Curtis*, 2024 WL 4215763 (D. Kan. Sept. 17, 2024) (Lungstrum, J.). Petitioner has now filed a motion for reconsideration of that ruling (Doc. #20). For the reasons set forth below, the Court **denies** the motion.

Petitioner seeks reconsideration pursuant to Fed. R. Civ. P. 59(e), which provides for a motion to alter or amend a judgment. *See id.*[1] "A Rule 59(e) motion is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *See ORP Surgical, LLC v. Howmedica Osteonics Corp.*, 92 F.4th 896, 922 (10th Cir. 2024)

---

[1] Petitioner also cites Fed. R. Civ. P. 52(b). That rule, however, provides for a motion to amend or make additional findings of fact after an action has been tried to the court, *see id.*, and thus would not apply here.

(internal quotations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *See Servants of Paraclete*, 204 F.3d at 1012. In making such a motion, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *See id.*

In denying the petition, the Court addressed each of petitioner's six asserted grounds for relief. *See Davis*, 2024 WL 4215763. By his motion, petitioner seeks reconsideration with respect to all six claims, and the Court thus addresses each claim in turn.

First, the Court denied petitioner's claim that the military lacked jurisdiction over him at the time of his convictions. *See id.* at * 2-4. Petitioner argues that the Court erred in stating that petitioner had conceded that a superior executed a memorandum ordering that petitioner's active service be extended pending the outcome of the court martial. *See id.* at *2. The Court made that statement based on petitioner's own allegation that after he objected that his service obligation had ended, prosecutors provided the military judge with that order. Petitioner argues that in fact the order was executed months before and thus was not executed in response to petitioner's objection as the Court had assumed. That correction by petitioner does not change the outcome, however, as the Court concluded that the military had obtained jurisdiction over petitioner when it charged him while he was still in active service. *See id.* at *3-4. Thus, this alleged error by the Court does not present a basis for relief.

Petitioner also argues that the Court erred in its interpretation of Rules for Courts-Martial 202(c). Petitioner, however, makes the same arguments that he made or could have made previously, and thus reconsideration is not appropriate. Moreover, petitioner has not persuaded the Court that its interpretation is incorrect. As the Court explained in the prior order, the rules make clear that jurisdiction attaches at the time of charging and continues until discharge, and petitioner did not show that he was in fact discharged from active duty. *See id.* at \*2-4. The Court therefore denies the motion as it relates to this claim.

Second, the Court denied petitioner's claim of ineffective assistance of counsel. *See id.* at \*4. Petitioner argues that although the military appellate court identified the correct standard for this claim, it unreasonably applied that standard. As the Court explained, however, under Tenth Circuit law, the military's court's identification of the correct standard forecloses habeas consideration under the fourth factor of the applicable *Dodson* test. *See id.* at \*4. Moreover, petitioner has failed to address the Court's conclusion that review is also foreclosed under the second *Dodson* factor because the claim does not present a purely legal issue. *See id.* The Court therefore denies the motion as it relates to petitioner's second claim.

Third, the Court denied petitioner's claim challenging the denial of his motion to suppress. *See id.* at \*5. Petitioner insists that he met any exhaustion requirement with respect to this claim. Petitioner also argues that the fourth *Dodson* factor is satisfied here because the military court unreasonably determined the facts and thus did not give this claim full and fair consideration. As the Court explained, however, the fourth *Dodson* factor forecloses review because the military court did reject the claim. *See id.* Moreover,

by arguing that the military court erred in its factual determination, petitioner effectively concedes that the claim presents issues of fact, and petitioner has not explained why the second *Dodson* factor does not therefore foreclose review. *See id.* The Court thus denies the motion as it relates to this claim.

Fourth, the Court denied petitioner's claim concerning the re-referral of charges against him. *See id.* at *5. Petitioner argues that the Court erred in concluding that petitioner had not exhausted military remedies by asserting this claim as a stand-alone claim on direct appeal. Even assuming that petitioner satisfied the exhaustion requirement with respect to this claim (an issue the Court need not and does not decide), he has not addressed the Court's additional conclusions that the second and fourth *Dodson* factors foreclose review of this claim. *See id.* The Court therefore denies the motion as it relates to the fourth claim.

Fifth, the Court denied petitioner's claim of a violation of the requirement of a substantially-verbatim record. *See id.* at *5. Petitioner argues that the military court could not have given this claim full and fair consideration without a copy of the omitted exhibit. This argument was available to petitioner in originally arguing the claim, however, and therefore he may not raise the claim for the first time by this motion. Moreover, as the Court explained, the military court did address this precise claim (and could have done so without having the actual exhibit before it), and thus petitioner cannot show satisfaction of the fourth *Dodson* factor. *See id.* The motion is denied with respect to this claim.

Sixth, the Court denied petitioner's claim that his military judge was biased. *See id.* at *6. The Court concluded that petitioner failed to show that the second and fourth *Dodson*

factors permit review here.  Petitioner argues that the claim does not present any *disputed* issues of fact, but the ultimate fact issue – whether the judge was in fact biased – was indeed disputed before the military judge.  Petitioner also argues that the highest military court did not give full and fair consideration to this claim in summarily rejecting it on appeal.  As this Court has explained, however, a military court is presumed to have considered claims that are briefed and rejected.  *See Livingston v. Payne*, 2024 WL 3328584, at *3-4 (D. Kan. July 8, 2024) (Lungstrum, J.), *cited in Davis*, 2024 WL 4215763, at *5.  Thus the Court denies the motion as it relates to this claim, and accordingly, it denies the motion in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for reconsideration of the Court's denial of his habeas petition (Doc. # 20) is hereby **denied**.

IT IS SO ORDERED.

Dated this 17th day of October, 2024, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge